Otis Junior **BUTLER** and Shirley Ruth Butler, Plaintiffs,

**Mary Diane Epperson and Alice M. Helms** on behalf of themselves and all other similarly situated, Intervenors

v.

**Frederick A. BREYER, Hamilton County** Welfare Director, et al., Defendants.

Civ. A. No. 7678.

United States District Court, S. D. Ohio, W. D.

July 11, 1972.

---

Donald R. Stacy, Legal Aid Society, Cincinnati, Ohio, for plaintiffs.

Arthur M. Ney, Asst. Hamilton County Pros., Cincinnati, Ohio, for all defendants except State of Ohio.

Albert W. Hoguet, Asst. Atty. Gen., Columbus, Ohio, for State of Ohio.

## ORDER GRANTING PRELIMINARY AND PERMANENT INJUNCTION

Before PECK, Circuit Judge, and HOGAN and PORTER, District Judges.

PER CURIAM.

Based on pleadings and stipulations offered by counsel herein this Court finds that:

1. The jurisdiction of this Court is properly invoked under 28 U.S.C.A. §§ 1343, 2201–2202, and 2281–2284.

2. This action is properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. The class consists of indigent residents of Ohio who are ineligible for poor relief because they do not meet the year's residence requirement imposed by §§ 5113.-05 and 5113.07 of the Ohio Revised Code and former § 354 of the Ohio Public Welfare Manual.

3. Hamilton County Commissioner Robert F. Reckman is properly substituted as defendant in the place of Joseph L. DeCourcy, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Likewise, State Welfare Director John Hansan is properly substituted in place of Robert B. Canary.

4. Mary Diane Epperson and Alice M. Helms were denied poor relief under §§ 5113.05 and 5113.07 of the Ohio Revised Code and former § 354 of the Ohio Public Welfare Manual for their failure to satisfy the one year durational residence requirement.

5. In view of the Supreme Court's decision in Shapiro v. Thompson, 394 U. S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) and summary affirmance in Pease v. Hansen, 404 U.S. 70, 92 S.Ct. 318, 30 L.Ed.2d 224 (1971), Wyman v. Lopez, 404 U.S. 1055, 92 S.Ct. 736, 30 L.Ed.2d 743 (1972) and Dunn v. Rivera, 404 U.S. 1054, 92 S.Ct. 742, 30 L.Ed.2d 743 (1972), §§ 5113.05 and 5113.07 of the Ohio Revised Code and former § 354 of the Ohio Public Welfare Manual are unconstitutional insofar as they would deny poor relief to otherwise eligible applicants for failure to meet the one year durational residence requirement.

6. Under Manual Transmittal Letter No. 168, dated May 1, 1972, Defendant John Hansan, State Welfare Director, promulgated a new § 354 of Ohio Public Welfare Manual which is attached hereto as Exhibit A.

7. No bond or security shall be required of the plaintiffs upon the issuance of this preliminary and permanent injunction.

Now, therefore, it is Ordered, Adjudged, and Decreed that:

1. Defendants Hansan, Ohio Director of Welfare, and Breyer, Hamilton County Director of Welfare, their successors in office, agents and employees, and all other persons in active concert and participation with them be, and they hereby are, enjoined from denying poor relief to otherwise eligible applicants for failure to meet a durational residence requirement.

2. In order to protect other indigents throughout the State who may be similarly situated, defendant Hansan, State Director of Welfare, is to notify each County Welfare Department on or before July 17, 1972, by regular mail, of the terms of this order and to request immediate written confirmation from each County Welfare Department that they have ceased to enforce former Section 354 of the Public Welfare Manual, and Sections 5113.05 and 5113.07 of the Ohio Revised Code insofar as they would deny poor relief to otherwise eligible applicants for failure to meet the one year durational residence requirement.

3. Named intervenors Mary Diane Epperson and Alice M. Helms are to receive back benefits for the period from the denial of their application to the date of their admission to emergency relief offered by defendants in open court.

EXHIBIT A

STATE OF OHIO

DEPARTMENT OF PUBLIC WELFARE

408 EAST TOWN STREET
COLUMBUS, OHIO 43215

May 1, 1972

MANUAL TRANSMITTAL LETTER NO. 168

TO: ALL PUBLIC ASSISTANCE MANUAL HOLDERS

FROM: John E. Hansan, Director Ohio Department of Public Welfare

SUBJECT: PA MANUAL SECTION 354.4, "ASSISTANCE TO NON-RESIDENTS FROM GR"

As a result of the case of Butler v. Breyer, which was held in the U. S. District Court, Southern District, Western Division, Section 354.4 is being amended to require that general relief be given to those non-residents who are otherwise eligible. The amendment also gives the client the option of remaining in Ohio and receiving assistance here if he chooses not to return to his place of legal settlement.

INSTRUCTIONS:

● Remove and file as obsolete manual page headed Section 354.3 (continued), dated January 1, 1961 and replace with the attached corresponding page dated January 1, 1972.

JEH:d
Attachment

354.2 Legal settlement of married women. A married woman obtains the legal settlement of her husband through marriage; therefore, the husband's legal settlement must be established.

If, however, a married woman lives apart from her husband, she can establish legal settlement of her own in any county.

If a married woman's husband is hospitalized or imprisoned and she becomes the head of the household, she can establish legal settlement elsewhere just as any other person does.

354.3 Legal settlement of a minor. The legal settlement of a minor is normally that of the parents. If one parent is dead, it is that of the remaining parent. If the parents are separated, it is that of the parent awarded custody by a court. If it is neither parent, it is that of the adult awarded permanent custody by the court or that of the guardian of the minor. Several exceptions are recognized for minors:

(1) A minor married female obtains the legal settlement of her husband through marriage just as a married female does who is 21 years of age or over.

(2) A minor married male, who establishes a home and re-

sides for one year in the state without receiving "poor relief" or relief from a private agency which keeps records of relief given, acquires legal settlement in the state.